# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Plaintiff,<br><br>v.<br><br>JACOB RICHARD ENTZ,<br><br>                                Defendant. | Case No. 17cr1708-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>[Doc. No. 49] |

On September 28, 2017, Defendant Jacob Richard Entz pleaded guilty to Counts 1 and 2 of a Superseding Information charging him with conspiracy to distribute cocaine in violation of Title 21, United States Code, sections 841(a)(1) and 846, and being a felon in possession of a firearm, in violation of Title 18, sections 922(g)(1) and (2). *See* Doc. No. 23. On September 17, 2018, the Court sentenced Defendant to a custodial term of 84 months. *See* Doc. No. 47. Defendant is currently housed at Federal Correctional Institution Lompoc in Santa Barbara County, California. *See* Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed 8/24/2020). According to the Bureau of Prisons, his current anticipated release date is June 2, 2023. *See id.*

Defendant, proceeding *pro se*, moves for transfer to home confinement for the remainder of his sentence, or in the alternative, compassionate release from custody and a

1

corresponding reduction in sentence due to the ongoing coronavirus outbreak. *See* Doc. No. 49. For the reasons set forth below, the Court **DENIES** Defendant's motion.[1]

## DISCUSSION

As an initial matter, Defendant requests transfer to home confinement for the remainder of his custodial term due to the spread of the novel coronavirus disease, COVID-19, throughout the federal prison system, and his facility and institution specifically. In support of his request, Defendant has submitted a handwritten letter in which he explains that he is particularly at risk due to chronic medical conditions.

The Court lacks the statutory authority to transfer Defendant to home confinement, even under the recently-enacted CARES Act. The Attorney General of the United States, through his designee, the Director of the Bureau of Prisons ("BOP"), has the sole authority to designate the place of Defendant's confinement. *See* 18 U.S.C. § 3621(b). The CARES Act is consistent with the current statutory scheme and provides that "*if the Attorney General* finds that emergency conditions will materially affect" BOP functioning, the Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2) (emphasis added). To the extent Defendant seeks transfer to home confinement for some portion of the remainder of his custodial term, he must direct his request to the Warden of his institution.

In the alternative, Defendant seeks compassionate release and a corresponding reduction in his sentence. Congress has authorized courts to grant a defendant compassionate release and correspondingly reduce his sentence under the criteria found in Title 18, section 3582(c)(1)(A). A sentencing court may grant such a request where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is

---

[1] The Court finds this matter suitable for determination without a response from the government.

consistent with applicable policy statements issued by the Sentencing Commission . . ." 18 U.S.C. § 3582(c)(1)(A).

Pursuant to the statute's original terms, only the Director of the Bureau of Prisons was authorized to file a motion for reduction in sentence pursuant to section 3582(c)(1)(A). The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides that a court may modify a sentence upon a motion of the Director, "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [Director] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . .." 18 U.S.C. § 3582(c)(1)(A).

Defendant does not indicate whether he has exhausted his administrative remedies by first requesting relief from the Bureau of Prisons. This precludes relief. Although it is not yet settled whether section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional or merely a claims-processing rule, it is a distinction without a difference under the circumstances. *See Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) (stressing distinction between jurisdictional prescriptions and non-jurisdictional claim-processing rules, which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times"). If Defendant failed to fully exhaust his administrative remedies prior to submitting his request, the Court has neither the jurisdiction nor the discretion to act. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (a mandatory claims-processing rule "foreclos[es] judicial discretion" to create an exception not otherwise found in the statutory text). Accordingly, based upon the current record, the Court appears to lack the authority to grant Defendant the relief he seeks.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion. To the extent Defendant requests early compassionate release and a corresponding reduction in his sentence, denial of his motion is without prejudice to renewal upon a sufficient

demonstration that Defendant has fully exhausted his administrative remedies and otherwise qualifies for such relief.[2]

**IT IS SO ORDERED**.

DATE: August 24, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[2] The Court further notes that Defendant did not provide documentation of his medical conditions or his accomplishments during his term of incarceration.  If Defendant chooses to renew his motion, he should do so.